BUSHWICK SAVINGS BANK, Plaintiff, *v.* RHODA IRENE WRIGHT SOHMER and Others, Defendants.

Supreme Court, Special Term, Queens County, May 12, 1941.

*Brown & Morgan*, for the plaintiff.

*McPhillips, Fitzgerald & McCarthy*, for the defendant Rhoda Irene Wright Sohmer.

*Joseph P. Kissling*, for the defendants Gallucci and the Wilgate Holding Company.

*John J. Bennett, Jr., Attorney-General,* for the defendant The People of the State of New York.

HALLINAN, J. The plaintiff, in an action to foreclose a mortgage, moves for an order to confirm the report of the referee to sell, and refer to an official referee, pursuant to section 1083-a of the Civil Practice Act, " the fair and reasonable market value of the mortgaged premises as of the date such premises were bid in at auction or such nearest earlier date as there shall have been any market value thereof * * *," and for a deficiency judgment accordingly.

The defendants, against whom the deficiency judgment is sought, resist the motion upon the ground that it was made returnable on May 7, 1941, which is ninety-six days after the date of the consummation of the sale by the delivery of the referee's deed and, therefore, contrary to that part of section 1083-a of the Civil Practice Act, now in force, which provides: " * * * Simultaneously with the making of a motion for an order confirming the sale, *provided such motion is made within ninety days after the date of the consummation of the sale by the delivery of the proper deed of conveyance to the purchaser * * *."* (Italics mine.)

The position of the opposing defendants is predicated upon the assumption that a motion to enter a deficiency judgment in a foreclosure action is " ' made ' when it is returned in court and not when the notice is served." Such was the law as laid down by the Appellate Division, this department, in *Clinton Trust Company* v. *Mahoney* (252 App. Div. 763) and in *Watkins* v. *Pacific Finance Corp.* (259 id. 685). Since these decisions, however, and in the last session of the Legislature, section 113 of the Civil Practice Act was amended in relation to the time when a motion is made. Such amendment became a law on April 12, 1941 (Laws of 1941, chap. 266) and reads as follows:

" § 113. Definition of motion. An application for an order is a motion. A motion is made when a notice thereof or an order to show cause is duly served."

Under this amendment, the motion herein was " made " on April 23, 1941, " when a notice thereof " was " duly served." That was only eighty-two days after the delivery of the deed and well within the time limited by section 1083-a of the C vil Practice Act.

Accordingly, the motion to confirm the report of the referee to sell is granted, and the question of a deficiency judgment referred to an official referee to determine, pursuant to section 1083-a of the Civil Practice Act.

Submit order.